**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS JIMENEZ,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 26-cv-05178-BAS-DEB<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 3)** |

On September 10, 2026, Plaintiff initiated this action against the Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner. (ECF No. 1.) On the same day, Plaintiff filed an application to proceed in forma pauperis ("IFP"), which is presently before the Court. (ECF No. 3.)

This Court may "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemour & Co.*, 335 U.S. 331, 339 (1948)). "[A]

plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Plaintiff affirms under penalty of perjury he is unemployed, and he has been for at least two years. (ECF No. 3 at 1–2.) Plaintiff receives $842 a month in welfare benefits. (*Id.* at 2.) Plaintiff has no other income sources. (*Id.*) Plaintiff's only assets are $7 in cash and a 2003 GMC Sierra worth approximately $3,000. (*Id.* at 3.) Based upon the record before it, the Court finds Plaintiff has adequately demonstrated he lacks the financial resources to pay the filing fee. Accordingly, Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 3) is **GRANTED**.

Where the Court grants a litigant permission to proceed in forma pauperis, it must also screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an IFP complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id.* Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)–(E). The Court has carefully reviewed Plaintiff's Complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

*[signature]*
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**